IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEON WILSON, #R32597, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18−cv−1344−JPG ) |
| DR. DAVID, PENNY GEORGE, MARY ANN, and MELISSA, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Deon Wilson, an inmate in Vienna Correctional Center ("Vienna"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint, Plaintiff claims the defendants have been deliberately indifferent to his serious medical issues in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

### **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on December 29, 2017, Plaintiff visited the Health Care Unit to request special shoes. (Doc. 1, p. 6). He had experienced issues with "damaged feet" previously. *Id.* Defendant Nurse Practitioner Mary Ann told Plaintiff that he had "toe deformities, enlarged joints, flat feet, and redness and permanence of toes." *Id.* Plaintiff was then referred to Defendant Penny George for his request for special shoes. *Id.* Plaintiff signed a money voucher for his $5 co-pay. *Id.* The co-pay was deducted from inmate Roland Wilson's account. *Id.* Defendant Mary Ann had also previously "mixed up Plaintiff's and Mr. Roland Wilson's Medical Files." *Id.* In fact, Roland Wilson was taken to Plaintiff's medical appointments on January 2, 12, 18, 25, 26, and 27, 2018 by mistake. *Id.*

On February 2, 2018, Plaintiff was seen by Defendant Dr. David. (Doc. 1, p. 7). David told Plaintiff that he did not have a foot deformity and therefore did not need special shoes. *Id.* David then excused Plaintiff, denying him any care, despite Plaintiff's objections that he was in pain. *Id.* On February 2, 2018, Roland Wilson had his blood drawn instead of Plaintiff. *Id.*

2

Plaintiff was scheduled to have his blood drawn for a rheumatoid arthritis test. *Id.*

Plaintiff filed a grievance on February 23, 2018, claiming that "he was afraid of the way his health issues would be handled" because his medical files had been mixed up with Roland Wilson's. *Id.* The response from the counselor noted that, per Defendant George, Plaintiff was seen on February 2, 2018 to evaluate his feet and should submit a sick call request if he was still having foot issues. (Doc. 1, pp. 7-8). Plaintiff then sent his grievance to the grievance officer who responded to him noting that, per Defendant George: "The appropriate individual, which is offender Wilson, R32597 was given appropriate medications, shots, and had blood drawn." (Doc. 1, p. 8). Plaintiff's blood had not been drawn, however. *Id.* Plaintiff then appealed to the Administrative Review Board, which denied his claim as unsubstantiated. *Id.*

On March 11, 2018, Plaintiff filed another grievance concerning his ongoing pain and continued neglect. *Id.* It was denied. (Doc. 1, pp. 8-9). Plaintiff believes that Vienna's Health Care Unit failed to ensure the privacy of his health information in the course of the alleged medical file mix-ups, which jeopardized his health. (Doc. 1, p. 9).

Plaintiff requests declaratory and preliminary and permanent injunctive relief "ordering all defendants and IDOC to cease depriving offenders/Plaintiff of the right to follow through with grievance procedures and/or aiding in such deprivations, and implement discipline for such actions." (Doc. 1, p. 10). Plaintiff also seeks "adequate medical attention" and monetary damages. (Doc. 1, p. 11).

## **Discussion**

Before analyzing Plaintiff's allegations, the Court finds it appropriate to address Plaintiff's failure to include specific allegations against Defendant Melissa in the body of his Complaint, despite his having listed her among the defendants. Plaintiffs are required to

associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Melissa will be dismissed from this action without prejudice.

Moving to the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical need involving deformed feet, rheumatoid arthritis, and pain associated therewith in violation of the Eighth Amendment.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[1]

## Count 1

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may

---

[1] Plaintiff takes issue with the potential disclosure of his medical information to inmate Roland Wilson. This disclosure does not by itself support a claim against the defendants, however. HIPAA, which protects disclosure of medical records, does not provide a private right of action. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011).

constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff has stated a claim under this standard against Defendant David for his refusal to examine Plaintiff's feet and otherwise address Plaintiff's pain at all, leaving him in pain for an extended period of time. *See* (Doc. 1, p. 25). Plaintiff has not stated a claim upon which relief may be granted against Defendants George and Mary Ann, however. It is well established that "[f]or constitutional violations under § 1983 ... a government official is only liable for his or her own misconduct." *E.g.*, *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). "This means that to recover damages against a prison official," Plaintiff must "allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio,* 792 F.3d 768, 781 (7th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

Plaintiff's allegations do not clearly implicate George or Mary Ann for his lack of treatment. Though Plaintiff claims that Mary Ann mixed up his medical files, he does not suggest that she did so deliberately or with reckless indifference. Similarly, Plaintiff's allegations do not support a finding that George was deliberately indifferent toward him when she responded to staff members investigating Plaintiff's grievances by noting that he should seek further treatment if he is having ongoing problems with his feet. For these reasons, Plaintiff has failed to state a claim upon which relief may be granted against George and Mary Ann.

Accordingly, Count 1 will proceed against Defendant David and will be dismissed without prejudice against Defendants George and Mary Ann.

## Injunctive Relief

In the request for relief, in relevant part, Plaintiff seeks "a preliminary and permanent injunction ordering all defendants and IDOC to cease depriving offenders/Plaintiff of the right to follow through with grievance procedures and/or aiding in such deprivations." (Doc. 1, p. 10).

In order to obtain preliminary injunctive relief, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius,* 735 F.3d 654, 665 (7th Cir. 2013).

Plaintiff has not explained how he is at risk of suffering irreparable harm without preliminary relief. In fact, the preliminary relief requested does not address the medical issues he complains of in the Complaint. Instead, it involves access to a grievance procedure. Because inmates do not have an independent due process or First Amendment right to a grievance procedure, if Plaintiff seeks to bring a claim based on this issue, he has no likelihood of success on the merits. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). Given this lack of potential harm, the unlikelihood of success on the merits on this issue, and the fact that Plaintiff failed to file a separate motion pursuant to Federal Rule of Civil Procedure 65 seeking any sort of interim relief, Plaintiff's request for a preliminary injunction is **DENIED** without prejudice. Plaintiff may still request a preliminary injunction by filing a separate motion pursuant to Rule 65 at a later time.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against Defendant

**DAVID** and is **DISMISSED** without prejudice against Defendants **GEORGE** and **MARY ANN**.

**IT IS FURTHER ORDERED** that Defendants **GEORGE**, **MARY ANN**, and **MELISSA** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted.

As to **COUNT 1**, Plaintiff has neither sought nor been granted leave to proceed *in forma pauperis* in this action, and the Court will not automatically appoint the United States Marshal to effect service of process upon Defendant **DAVID**. However, if Plaintiff desires to request the appointment of the United States Marshal to serve process on these Defendants, **IT IS ORDERED** that Plaintiff **SHALL FILE** a Motion for Service of Process at Government Expense, within 28 days of the date of entry of this order (on or before **August 30, 2018**). The Clerk of Court is **DIRECTED** to mail to Plaintiff the Court's Pro Se Litigant Guide, containing forms and instructions for filing said motion.

If Plaintiff does not timely file a motion for service of process at government expense, it shall be Plaintiff's responsibility to have Defendant **DAVID** served with a summons and copy of the Complaint pursuant to Federal Rule of Civil Procedure 4.[2] Plaintiff is advised that only a non-party may serve a summons. FED. R. CIV. P. 4(c)(2).

If Plaintiff requests the appointment of the United States Marshal, the Clerk of Court shall prepare a summons and copies of the Complaint and this Memorandum and Order for the Defendant, and shall forward the same to the United States Marshal for service. If Plaintiff does not file a motion for service of process at government expense within 28 days as ordered, the Clerk shall then prepare a summons for the Defendant, and shall forward the summons and

---

[2] Federal Rule of Civil Procedure 4(m) provides that service on each defendant must be accomplished within 90 days.

sufficient copies of the Complaint and this Memorandum and Order to Plaintiff so that he may have Defendant served.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, if the United States Marshal is appointed to serve process pursuant to a motion by Plaintiff, the employer shall furnish the United States Marshal with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for effecting service of process. Any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file or disclosed by the Marshal.

Defendant David is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: August 2, 2018**              s/J. Phil Gilbert
                                       **U.S. District Judge**